UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00408-MOC

| | | |
|---|---|---|
| **GIRARD H. HOPE,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on the government's Motion to Dismiss. In response to such motion, petitioner has timely filed a pleading captioned "Government's [petitioner's] Response to Dismiss Petitioner's Motion to Vacate Conviction Due to Untimely Submission Unsubstantiated" (#10) (errors in the original). The next day, petitioner filed a pleading (#11) with the same caption, which the court has deemed to be corrections to his Response. The court has fully considered the Response as corrected by petitioner.

**FINDINGS AND CONCLUSIONS**

Petitioner first appeared before this court in United States v. Hope, 3:11cr2 (W.D.N.C. 2011), where he pled guilty to conspiracy to commit health-care fraud. Despite the fact that the advisory guidelines provided a range of between 37 and 46 months, this court sentenced defendant to 15 months in prison followed by a term of supervised release. The Judgment was entered November 3, 20122. That Judgment was not appealed. After successfully completing the term of imprisonment, petitioner began serving the supervised release portion of such sentence, but was brought before this court on a violation of the terms of supervised release. On October 14, 2014, this court entered a Judgment on the SRV petition providing for nine months imprisonment

followed by 24 months of supervised release. Petitioner did not appeal that Judgment. On September 2, 2015, petitioner avers he placed the instant petition in prison mail, which the court deems to be the filing date.

It appears that the petition, as amended, has been filed within one year of the Supervised Release Judgment (#28) becoming final, but not within one year of the underlying criminal Judgment (#15) becoming final. Close review of the contentions asserted in the amended petition reveal that they all relate to the effectiveness of counsel as to the earlier Judgment entered on the 2011 fraud conviction, not the facts underlying the 2014 supervised release violation.

Read in a light most favorable to petitioner, he attempts to explain the time lapse in paragraph 18 of his amended petition, arguing that he did not realize he had a right to appeal the underlying 2011 Judgment (a claim asserted in this petition in the context of ineffective assistance of counsel) until this court advised him of that right during sentencing on the 2014 revocation. Based on the court's own notes,[1] it advised petitioner during the October 18, 2011, sentencing of his right to appeal, as follows:

> Subject to any waivers contained in any plea agreement, you have the right to appeal your conviction and this sentence to the Fourth Circuit Court of Appeals. Any notice of appeal must be filed within 14 days from the entry of judgment.
>
> If you are unable to pay the cost of an appeal, you may apply for leave to appeal with no cost to you. If you so request, the clerk of court will prepare and file a notice of appeal on your behalf. The Court recommends that you talk to your lawyer about these appeal rights. Do you understand these rights as the Court has read them to you?

Script at 5. See Peguero v. United States, 526 U.S. 23, 24 (1999) (holding that even a court's failure to advise a defendant of "his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission."). Even if his attorney failed to advise him of his

---

[1] The court's internal "Sentencing Script" for Mr. Hope, created October 14, 2011, and maintained in chambers, specifically included appellate advice. The court keeps these "scripts" in chambers in the regular conduct of court business.

appellate rights, such failure provides no basis for equitably tolling the time to file a Section 2255 petition as this court advised defendant of such right at the sentencing hearing.

Inasmuch as the AEDPA's "limitations provisions ... do not speak in jurisdictional terms or refer in any way to the jurisdiction of district courts ... § 2255's limitations period is subject to equitable modifications such as tolling." United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). Even if this court were to assume that petitioner's trial counsel failed to advise him of his right to appeal, such failure would not excuse his failure to file a Section 2255 petition within one year of his original Judgment becoming final. A finding of equitable tolling is proper in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000)). A petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). The court has closely reviewed petitioner's Response as amended and his arguments do not demonstrate that "he has been pursuing his rights diligently" and "that some extraordinary circumstances stood in his way and prevented timely filing." Id.

Thus, petitioner's contention that his attorney failed to advise him of his right to appeal provides no justification or exception under Section 2255(f) for filing this petition nearly 4 years after the original Judgment became final. Further, review of the Response provides no grounds for equitable tolling. The petition will, therefore, be dismissed as untimely.

## ORDER

**IT IS, THEREFORE, ORDERED** that the government's Motion to Dismiss (#7) is GRANTED, and this action is DISMISSED with prejudice as untimely under Section 2255(f).

## DENIAL OF CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 4, 2016

Max O. Cogburn Jr.
United States District Judge